UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON SCARBER, #343088,

        Plaintiff,

                          CASE NO. 2:09-CV-14991
v.                        HONORABLE VICTORIA A. ROBERTS

ANNETTE J. BERRY,

        Defendant.
_____/

## ORDER DENYING LETTER REQUEST FOR RECONSIDERATION

Before the Court is Plaintiff's letter request for reconsideration of the Court's December 30, 2009 dismissal of his pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint as frivolous and/or for failure to state a claim upon which relief may be granted and on the basis of immunity because Plaintiff was challenging his state court criminal convictions and suing the state court judge who presided over his trial.

To the extent that Plaintiff seeks reconsideration of the Court's decision, his request must be denied. A motion for reconsideration must be filed within 10 days after entry of the court's judgment or order. *See* Local Rule 7.1(g)(1). Plaintiff dated his letter January 13, 2010 – 14 days after the court's judgment. His request for reconsideration is therefore untimely. Moreover, a motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff has not met his burden of showing a palpable defect by which

1

the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Furthermore, even if the Court considers Plaintiff's letter request as one brought under Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Plaintiff has made no such showing. Accordingly, the Court **DENIES** Plaintiff's request for reconsideration. This case is closed.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 21, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Marlon Scarber by electronic means or U.S. Mail on January 21, 2010.

s/Carol A. Pinegar
Deputy Clerk

---